# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHWESTERN DIVISION

MARINA SCHULTZ, )
)
        Plaintiff, )
)
v. ) No. 3:18-05035-CV-RK
)
ACTING COMMISSIONER OF SSA; )
)
)
        Defendant. )

## ORDER

Before the Court is Plaintiff's appeal brought under 42 U.S.C. § 405(g) seeking review of Defendant Commissioner of Social Security Administration's ("SSA") denial of disability benefits as rendered in a decision by an Administrative Law Judge ("ALJ"). For the reasons below, the decision of the ALJ is **AFFIRMED**.

## Standard of Review

The Court's review of the ALJ's decision to deny disability benefits is limited to determining if the decision "complies with the relevant legal requirements and is supported by substantial evidence in the record as a whole." *Halverson v. Astrue*, 600 F.3d 922, 929 (8th Cir. 2010) (quoting *Ford v. Astrue*, 518 F.3d 979, 981 (8th Cir. 2008)). "Substantial evidence is less than a preponderance of the evidence, but is 'such relevant evidence as a reasonable mind would find adequate to support the [ALJ's] conclusion.'" *Grable v. Colvin*, 770 F.3d 1196, 1201 (8th Cir. 2014) (quoting *Davis v. Apfel*, 239 F.3d 962, 966 (8th Cir. 2001)). In determining whether existing evidence is substantial, the Court takes into account "evidence that detracts from the [ALJ's] decision as well as evidence that supports it." *Cline v. Colvin*, 771 F.3d 1098, 1102 (8th Cir. 2014) (citation omitted). "If the ALJ's decision is supported by substantial evidence, [the Court] may not reverse even if substantial evidence would support the opposite outcome or [the Court] would have decided differently." *Smith v. Colvin*, 756 F.3d 621, 625 (8th Cir. 2014) (citing *Davis v. Apfel*, 239 F.3d 962, 966 (8th Cir. 2001)). The Court does not "re-weigh the evidence presented to the ALJ." *Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005) (citing *Baldwin v.*

*Barnhart*, 349 F.3d 549, 555 (8th Cir. 2003)). The Court must "defer heavily to the findings and conclusions of the [ALJ]." *Hurd v. Astrue*, 621 F.3d 734, 738 (8th Cir. 2010) (citation omitted).

## Discussion

By way of overview, the ALJ determined that Plaintiff suffers from the following severe impairments: schizoaffective disorder; generalized anxiety disorder; post-traumatic stress disorder; and joint pain of the arm, neck, back, and right knee. However, the ALJ found that none of Plaintiff's impairments, whether considered alone or in combination, meet or medically equals the criteria of one of the listed impairments in 20 CFR Pt. 404, Subpt. P, App. 1 ("Listing"). Additionally, the ALJ found that despite her limitations, Plaintiff retained the residual functional capacity ("RFC") to perform medium exertional work with the following limitations: Plaintiff can understand, remember, and carry out simply instructions and make simple work-related decisions; Plaintiff can have occasional interaction with supervisors and co-workers, performing work requiring no tandem tasks; and Plaintiff cannot interact with the public. Although the ALJ determined that Plaintiff is unable to perform any past relevant work, the ALJ found that considering Plaintiff's age, education, work experience, and RFC, Plaintiff can perform jobs that exist in significant numbers in the national economy.

On appeal, Plaintiff argues the ALJ's RFC determination is not supported by substantial evidence because the ALJ improperly discounted the medical opinions of Dr. Susan Doyle[1] and Dr. S. Gunda. Dr. Doyle is Plaintiff's treating psychological counselor.[2] Dr. Gunda is Plaintiff's treating physician and provided two opinions concerning Plaintiff's mental functioning.[3] The ALJ

---

[1] Plaintiff's briefing consistently refers to Dr. Doyle as "Dr. Pyle." However, the ALJ, Defendant, and medical record indicate that the appropriate name is "Dr. Doyle." Accordingly, this Court will refer to this doctor as Dr. Doyle.

[2] Dr. Doyle provided the following opinion: Plaintiff has marked limitations in sustaining concentration, maintaining a schedule and attendance, setting goals, and completing a normal workday without interruptions from psychological symptoms.

[3] Dr. Gunda's first opinion in January 2016 stated: Plaintiff would likely be off task 25% of the time secondary to her mental impairments; Plaintiff would have moderate limitations in her ability to maintain attention and concentration for long periods of time, perform activities within a schedule, work in coordination with or proximity to others, accept instruction or respond appropriately to criticism from supervisors, and get along with coworkers or peers; and Plaintiff would have marked limitations in her ability to respond to workplace changes. Dr. Gunda's second opinion in November 2016 provided that Plaintiff would be off task 25% of the time and have marked to extreme limitations in social functioning.

gave little weight to Dr. Doyle's opinion and little weight to Dr. Gunda's first opinion. The ALJ gave no weight to Dr. Gunda's second opinion.

An ALJ is required to weigh all medical source opinions and "always give good reasons for the weight given to a treating source's opinion." SSR 96-2p, 1996 WL 374188 at *5 (Soc. Sec. Admin. July 2, 1996). "The opinion of a treating physician is accorded special deference under the social security regulations [and] normally entitled to great weight." *Vossen v. Astrue*, 612 F.3d 1011, 1017 (8th Cir. 2010). "However, the Commissioner may discount or even disregard the opinion of a treating physician where other medical assessments are supported by better or more thorough medical evidence." *Fentress v. Berryhill*, 854 F.3d 1016, 1020 (8th Cir. 2017) (internal quotation marks and citation omitted).

The ALJ discounted Dr. Doyle and Dr. Gunda's opinions because the opined marked and extreme limitations were inconsistent with the content in Plaintiff's treatment records, inconsistent with Plaintiff's noncompliance with treatment and medication directives, and inconsistent with the improvement in symptoms that Plaintiff experienced when taking her medications as directed.[4] The ALJ may discount a treating psychologist's opinion where (1) a non-examining opinion is supported by superior medical evidence or (2) if the treating physician offered an opinion inconsistent with the treating physician's own treatment notes. *Hogan v. Apfel*, 239 F.3d 958, 961 (8th Cir. 2001). *See also Chesser v. Berryhill*, 858 F.3d 1161, 1164–65 (8th Cir. 2017) (the Commissioner may also assign "little weight" to a treating physician's opinion when it is either internally inconsistent or conclusory). If a plaintiff's impairment can be controlled through treatment or medication, the impairment is not disabling. *Brown v. Astrue*, 611 F.3d 941, 955 (8th Cir. 2010). Finally, "an ALJ may properly consider the claimant's noncompliance with a treating physician's directions . . . including failing to take prescription medications." *Choate v. Barnhart*, 457 F.3d 865, 872 (8th Cir. 2006). Accordingly, the Court finds that

---

[4] The ALJ's opinion states that the "overall record indicates and suggests that her psychiatric symptoms are reasonably controlled through counseling and medication, such that she functions adequately, in spite of her underlying impairments." (Tr. 22.) For instance, the ALJ cited treatment records that indicated Plaintiff could function and perform tasks with certain parameters including reading, writing, painting, doing volunteer work, and participating in various social media forums. The ALJ also considered mental status examinations that stated Plaintiff was cognizant, functional, and "generally of a capacity and state of mind wherein she can reasonably be expected to perform simple and learned tasks in appropriate vocational settings." (Tr. 22.) For instance, despite her mental impairments, the record indicates Plaintiff was generally alert, cooperative with clear speech, logical and goal-directed in her thoughts, had normal attention/concentration, average intellect, and intact memory.

substantial evidence supports the ALJ's decision to discount the weight given to Dr. Doyle and Dr. Gunda.

## Conclusion

Having carefully reviewed the record before the Court and the parties' submissions on appeal, the Court concludes that substantial evidence on the record as a whole supports the ALJ's decision.  **IT IS THEREFORE ORDERED** that the decision of the ALJ is **AFFIRMED**.

s/ Roseann A. Ketchmark  
ROSEANN A. KETCHMARK, JUDGE  
UNITED STATES DISTRICT COURT

DATED:  July 8, 2019